## SUPERIOR COURT

Bradford Campbell
vs. } Eq.No.5480
Leaderer Realty Corporation Et Al.

RESCRIPT

January 21, 1925

BARROWS, J. Heard on bill brought by Bradford Campbell, answer of Elisha Campbell, including cross bill by him against complainant, answer of Lederer Realty Corporation, including a cross bill against Henry M. Boss, one of the respondents, answer of Henry M. Boss, replication and oral proof.

The bill prays for an accounting of the rents collected by the Lederer Realty Corporation, hereinafter referred to as "Lederer." It originally treated Elisha as without interest in the case, but by a decision of the Supreme Court, Elisha's interest and his right with Bradford to an accounting from Lederer have been established.

The facts so far as not admitted by the answers appear in an agreed statement of facts and the evidence of Elisha Campbell, which proves paragraph six of said agreed statement, which was struck out when the same was filed. We shall not enumerate the numerous facts involved.

The bill, now standing as one by the heirs of James Campbell, seeks an accounting from Lederer for rents collected by it while in possession of certain real estate, claiming title under a void judicial sale made by the administrator d. b. n. of the estate of James Campbell. The period during which rents were collected runs from March, 1911, to March 1, 1918. The amounts collected and interest appear in Exhibit 3 as $17,155.15. Lederer claims certain disbursements and charges as shown in Exhibit 3 and admits owing $1,593.96 if at all indebted to the Campbells.

Before considering the merits of complainant's case, respondent Lederer asks us to dismiss the bill as to the Campbells, claiming that Lederer owes the above amount to Boss as administrator d. b. n., if any one, and Lederer's answer includes a cross bill against Boss for the amount of the purchase price now in his hands, $14,445.92. The basis for this claim is the alleged implied authority of Boss as administrator d. b. n. to collect the rents. Elisha Campbell, the original administrator, had express authority by a Probate Court decree to collect these rents. So likewise had Metcalf, administrator d. b. n. No express authority was ever given to Boss. Assuming, however, that Boss had the implied power, as now argued, the decision and decree of the Supreme Court in the present case on Elisha's appeal seem to assert the right of Bradford and Elisha Campbell to an accounting from the Lederer corporation. Counsel for Lederer, however, now urge that this point was not called to the attention of the Supreme Court, the only question there argued being the right of Elisha to be a party. He urges that the question is now properly and precisely raised for the first time on this hearing on the merits. It is doubtless true that the emphasis at the hearing on Elisha's appeal was placed as stated by counsel for Lederer. We are not entirely clear, however, that we may assume that the Supreme Court did not consider this question. Accepting, however, the claim of Lederer that the decision of the Supreme Court just referred to did not fix its duty to account, we yet believe that its present position is not well taken. Boss himself makes and has made no claim to these rents. Nor has any one ever claimed that Lederer was collecting these rents as agents for Boss. Lederer was collecting the rents, claiming in his own right under a mistaken legal position. On such facts,

therefore, collection of rents by Lederer can not be asserted to be a collection under a power possessed by the administrator.

Passing now to the question of the extent of liability of Lederer to the heirs of James Campbell, the law as settled by decision of the Supreme Court has definitely fixed the action of the administrator in selling the real estate to Lederer as his individual and not as his representative act.

43 R. I. 257 at 264.

"The sale was void, not voidable," says the court. The purchaser, however, as pointed out in one of our previous rescripts in this case, is held as more than a mere tort feasor. He is liable to account in equity to the heirs for rents collected while he continues to hold possession.

Jefferson vs. Errington, 53 Ark. 545 at 571 sqq.;

Hill vs. Denenn, 83 S. W. 120, Ky.;

Ex Parte Howlett, 50 S. C. 1.

The good faith of Lederer's legal advisers, or their belief in the right of Lederer to acquire title from Metcalf, can not avail. The heirs still own the property, and certainly, as against all except the administrator who makes no claim, had the right to the rents. Lederer's position is not, however, that of one who suffers in good faith from erroneous legal advice. A final word on title had been told it by the Supreme Court's decision on March 6, 1912, effective by decree of March 30, 1912. (33 R. I. 453). Thereafter, for six years, Lederer, without right except as colored by repeated applications to sell the land filed, but not pressed, in the Probate Court by the administrator d. b. n., continued in possession until forcibly ejected on January 1, 1918.

The effect of these proceedings was sufficient to keep the Campbells out of possession for nearly six years.

Of the items of credit now claimed by Lederer a very considerable por-

tion was expended after the above decision of the Supreme Court. Under no conceivable theory can we sustain claims for such items.

No case has been cited to us apart from statute that would warrant us in allowing the claims for improvements and changes pending appeal from the original decree of sale by the Probate Court. There is no claim that these improvements were necessary to preserve the property. They were simply altrations made by one who, as it later turned out, actually had no legal right to possession, though he honestly, and on the advice of competent counsel, thought otherwise. Lederer had the added notice that its right to buy would be disputed on the day after the decree was entered, to wit, February 11, 1911, and he protected himself when making the purchase a month later by an agreement whereby Metcalf should hold the purchase fund until the litigation was ended. That fund is now held by Boss as Metcalf's successor and the amount due to Lederer after the vicissitudes to which the fund has been subjected has been fixed in the Supreme Court's decision, 43 R. I. at 266. The amount there fixed is that which Lederer now demands from Boss in its cross bill and which Boss admits holding.

We find that Lederer proceeded to make improvements after knowledge of the prospective appeal at his peril. To hold otherwise would subject the true owner of property to liability for improvements made without his consent, knowledge or approval.

We see no reason why an unwanted, voluntary collector of rents should be reimbursed for his labor.

cf. Chapman vs. Cooney, 25 R. I. 657 at 668.

No reason appears to us why we should allow Lederer interest on its investments. We therefore find that credit should be allowed Lederer on items (1) taxes, insurance, and so

forth, $2,157.95; (2) interest on the same, $465.79; (5) repairs, $315.63, and the portion of item 7, interest on repairs, $57.29, a total of $2996.66. All other credits should be disallowed.

A decree may therefore be entered that Lederer owes to Elisha and Bradford Campbell, the heirs of James Campbell, the difference between $17,155.15 and $2,996.66, to wit: $14,158.49, as of March 1, 1918. To this interest at 6 per cent. since that date should be added.

The cross prayer of Lederer against Boss should be granted, directing the return of $14,445.92, together with interest actually earned since the decision of the Supreme Court.

An accounting also must be had in accordance with the decision of the Supreme Court in the present case on June 25, 1924, established as between Bradford and Elisha the proportionate amounts to which they are entitled from the sum above fund to be due from Lederer to the heirs of James Campbell.

For Complainant: William J. Brown.

For Respondents: J. A. Tillinghast and Philip Knauer.